# Stone *v.* Stone, Appellant.

*Contract—Agreement not to do business—Sale of business.*

Where a person sells a bottling business conducted in a city named, and in the bill of sale covenants that he "will not enter in any such business in said city," he violates the covenant by engaging as a manager for his brother in the bottling business conducted in the same city.

Argued March 8, 1916. Appeal, No. 8, March T., 1916, by defendants, from decree of C. P. Lackawanna Co., March T., 1915, No. 8, on bill in equity in case of Haley Stone, doing business as Stone Bottling Works v. Hyman R. Stone, doing business as Carbondale Bottling Works. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Bill in equity for an injunction.

The facts appear by the opinion of the Superior Court.

*Error assigned* was decree awarding preliminary injunction.

*A. A. Vosburg,* with him *J. B. Jenkins,* for appellant. —The defendant did not violate the terms of the contract: Harkinson's App., 78 Pa. 196; Gompers v. Rochester, 56 Pa. 194; Pfeifer v. Rahiser, 2 Pa. Superior Ct. 355; Ebert v. Kaufman, 41 Pa. Superior Ct. 491.

*John R. Edwards,* for appellee, cited: McClurg's App., 58 Pa. 51; Cooper v. Edeburn, 198 Pa. 229; Patterson v. Glassmire, 166 Pa. 230; Pittsburgh Stove, Etc., Co. v. Penna. Stove Co., 208 Pa. 37; Smith's App., 113 Pa. 579; Lukens v. Kelley, 2 Philadelphia 380; Carroll v. Hickey, 1 W. N. C. 198.

OPINION BY TREXLER, J., October 9, 1916:

The plaintiff and defendant as partners were for many years engaged in the bottling business in the City of Carbondale. The defendant sold his interest in the business to the plaintiff, the bill of sale containing the following provision, "I further agree that during such time as the said Haley Stone conducts a bottling business in the City of Carbondale I will not enter in any such business in said city." A few months thereafter the defendant connected himself with the Carbondale Bottling Works, which concern was run in competition with the plaintiff's. Defendant claims that he was merely acting as manager for his brother, who was the real owner of the business. There was however testimony sufficient to warrant the inference that he was the real owner of the concern. The learned judge hearing the case on the prayer for a preliminary injunction found "that the defendant himself is carrying on the bottling business in the name of the Carbondale Bottling Works." If this finding be correct under the testimony and there is sufficient to warrant it, there is a plain violation of the agreement by the defendant and the injunction was properly issued. However, if we proceed further as did the lower court and assume that the defendant's side of the case in this respect truly presents the facts, and if we thus concede that the defendant was not owner of the bottling works, but was merely the manager thereof, we would nevertheless sustain the action of the lower court in holding that the defendant violated his contract. Although he may not have been the owner of the rival concern, he was nevertheless in the true sense of the term, engaged in the bottling business. The evident purpose of the agreement was to prevent the defendant using, to the detriment of plaintiff's business, the experience he had acquired in his connection with the business extending over a period of many years, with his knowledge of the trade and his acquaintance with the customers. With all these advantages he could deprive the plaintiff

to a great extent of the benefits which he was to derive from the agreement. Testimony in the case showed that since the defendant had started in business, plaintiff had already lost nearly one-half his business, claimed to be due to the defendant's acts. Under such circumstances, there is no reason why the learned trial judge should adopt the narrow construction of the agreement asked for by the defendant and thus defeat its manifest purpose. We are not without authority in taking this position. In Pittsburgh Stove, Etc., Co. v. Penna. Stove Co., 208 Pa. 37, it is held that an agreement not to engage in a similar business was violated by the retiring partner becoming the president of a corporation employed in a similar line of trade. The language employed by Justice MESTREZAT in that case may well be used in connection with the one at bar. "It is apparent, therefore, that it is immaterial, so far as it affects the appellee and its business, whether the appellant is an officer or stockholder of the competing company, or whether he is an employee whose duties require him to assist in the manufacture and sale of the goods. The purpose of the contract between the parties was to protect the appellee against the capital as well as the skill and experience of the appellant in a competing business. If his contention is sustained, however, and he is permitted as an employee to assist......(the rival concern) to manufacture and sell the articles manufactured and sold by his former company under the circumstances and in the way disclosed by the evidence, he is in a position to aid competition in the business, thereby injuring the appellee's business, as effectually as if he were an officer or stockholder in the competing company or was carrying on the business himself. In view of the manifest purpose of the agreement, it is therefore reasonable to conclude that in entering into the contract under the circumstances disclosed by the evidence, the parties intended that the appellant should not only not employ his capital in a like enterprise but should not employ his

skill and experience in any capacity whatever in a business similar to that of the appellee company."

It is claimed on the part of the defendant that the plaintiff has no standing to maintain his bill in that he himself has violated the conditions of the written agreement between the parties. The conditions referred to involve the furnishing of coal for steam heating purposes in a certain dwelling and the furnishing to the defendant of a box of soda water weekly. We agree with the lower court that "the contention of the defendant as to these small matters is not sustained in view of the explanation of the plaintiff and the other evidence in the case."

Judgment affirmed.