### Eden Roc Country Club, Appellant, *v.* Mullhauser.

Argued October 8, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Harry Alan Sherman,* for appellant.

*Edward L. Springer,* with him *Louis M. Tarasi, Jr.,* for appellees.

*John H. Neely,* with him *I. Elmer Ecker,* and *Neely, Stockdale & Phillips,* for appellees.

*James R. Orr,* with him *William T. Marsh, C. John Tillman, Wilbur F. Galbraith, I. Elmer Ecker, Marten R. Jenkins,* and *Hirsch, Truxall & Weise,* and *Ecker, Ecker & Ecker,* and *Campbell, Thomas & Burke,* and *Reed, Smith, Shaw & McClay,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, November 10, 1964:

Eden Roc Country Club, a nonprofit corporation, filed an amended complaint in trespass for deceit which, inter alia, demanded large compensatory and punitive damages. All the defendants, many of whom were prominent in the sports world, were served with the complaint except the original promoters.* Preliminary objections in the nature of a demurrer were filed by some defendants who were served. Plaintiff appeals from the Order of the Court of Common Pleas which sustained the preliminary objections, and dismissed the complaint as to *all* defendants.

Preliminary objections in the nature of a demurrer admit as true all facts which are averred in the complaint, together with all reasonable inferences therefrom, but not the pleader's conclusions or averments of law: *Bogash v. Elkins,* 405 Pa. 437, 176 A. 2d 677; *Wilkes-Barre Township School District v. Corgan,* 403 Pa. 383, 170 A. 2d 97; *Adams v. Speckman,* 385 Pa. 308, 122 A. 2d 685; *Gardner v. Allegheny County,* 382

---

* It was alleged at oral argument that these promoters live outside of Pennsylvania or are foreign corporations.

Pa. 88, 114 A. 2d 491; *Narehood v. Pearson,* 374 Pa. 299, 96 A. 2d 895.

The complaint relevantly avers that the incorporators and their attorneys, defendants herein, knew the promoters intended to use the nonprofit corporation for their private gain; that after the charter was issued the entire control of the corporation was assumed, in violation of the corporate by-laws, by the promoters for their private profit; that the promoters enlisted an "Advisory Board" to secure members; that the members of the Advisory Board (defendants herein) knew of or ignored the promoters' illegal use of its corporate charter and of the club's false advertisement of the real estate owned and of the luxurious clubhouse and swank swimming pools and golf courses it intended to erect; and finally, that in June 1961, plaintiff discovered that the $350,000 membership dues which had been collected, had been fraudulently converted or embezzled by the promoters and the club was without any funds; and that thereupon the club instituted the present suit in July, 1961.

In *Savitz v. Weinstein,* 395 Pa. 173, 149 A. 2d 110, the Court stated the essential requisites to sustain an action for deceit (page 178) : " '. . . there must be (1) a misrepresentation, (2) a fraudulent utterance thereof, (3) an intention by the maker that the recipient will thereby be induced to act, (4) justifiable reliance by the recipient upon the misrepresentation and (5) damage to the recipient *as the proximate result.** . . .' "

Assuming the truth of the averments of fact set forth in the complaint, there was no legal causal connection between the acts of the officers, members and advisory board on the one hand and the subsequent alleged embezzlement by several of the promoters, and nothing said or done by the defendants—with the ex-

---

* Italics throughout, ours.

ception of the allegedly embezzling promoters—was a proximate cause of the alleged embezzlement of the corporate funds. Cf. *Roadman v. Bellone*, 379 Pa. 483, 493, 108 A. 2d 754; *Hendricks v. Pyramid Motor Freight Corp.*, 328 Pa. 570, 195 A. 907.

The Order of the lower Court is affirmed with the modification that as to the alleged promoters who were never served, the Order is modified and the record remanded to the lower Court with directions to retain jurisdiction of the complaint.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

I would quash this appeal for lack of a proper party plaintiff.

Here, the nonprofit corporation does not state a corporate cause of action in trespass for fraud and deceit. The alleged misrepresentations complained of were made to induce numerous individuals to join the corporation. Those numerous individuals are not party plaintiffs but the party plaintiff is the corporation that they were allegedly fraudulently induced to join. It is the members of the corporation who were allegedly fraudulently induced to join the corporation who have the cause of action and not the corporation they joined, since the alleged fraud and deceit did not generate or induce any action by the corporation.