Philadelphia Title Insurance Company, Appellant, *v*. Globe Consumer Discount Company.

Argued June 17, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Howard Saul Marcu,* with him *Daniel Marcu,* and *Marcu, Marcu and Marcu,* for appellant.

*Philip Shuchman,* for appellee.

OPINION BY JACOBS, J., September 16, 1965:

This is an appeal from an order sustaining defendant's preliminary objections to plaintiff's complaint in assumpsit and dismissing the complaint on the ground that it failed to state a cause of action.

In determining whether or not the action of the lower court is correct, we must deem to be true all facts well pleaded in the complaint, together with all reasonable inferences therefrom, but not the pleader's conclusions or averments of law. *Eden Roc Country Club v. Mullhauser,* 416 Pa. 61, 204 A. 2d 465 (1964). Viewed in this manner, the facts are as follows:

Appellant in this case was the plaintiff below and is a title insurance company. Appellee herein was the defendant below and is a consumer discount company. On April 20, 1961, defendant entered a judgment in Philadelphia County against Edmund A. Jezemski and Apolonia A. Jezemski in the amount of $12,000.00 by virtue of a judgment note purportedly executed by the Jezemskis. On March 7, 1962, the plaintiff insured a certain mortgage in the amount of $28,000.00 purportedly given by Edmund A. Jezemski and Apolonia A. Jezemski to one Lois Medinets covering premises at 1130 North 40th Street, Philadelphia. At the time of the mortgage settlement the plaintiff paid to the defendant the sum of $6,100.00 and received from the defendant an order to satisfy the aforesaid judgment which order the plaintiff filed of record. The plaintiff,

who was given authority by the mortgagee to disburse the entire proceeds of the mortgage, made the $6,100.00 payment to the defendant because it believed that the judgment was a valid lien upon the premises covered by the mortgage. Plaintiff then insured the mortgage of Lois Medinets as a first lien upon the premises at 1130 North 40th Street. Some time later in an action to quiet title it was determined that the signature of Edmund A. Jezemski to the note and the mortgage were forgeries. The mortgage which plaintiff insured for Lois Medinets was discharged and the plaintiff was obliged to repay the entire proceeds of the mortgage to Lois Medinets.

In its first count the plaintiff alleges that at the time the defendant accepted payment of its judgment note and gave an order to satisfy the same it knew that the signature of Edmund A. Jezemski on the note was a forgery, having been advised of this by Edmund's attorney about two months after defendant entered its judgment. The plaintiff asks that the sum of $6,100.00 be returned to it on the ground that defendant committed a fraud. In a second count the plaintiff alleges that a mutual mistake of fact existed on the part of the plaintiff and the defendant as to the genuineness of the signature of Edmund A. Jezemski and the validity of the judgment when the plaintiff made payment. Plaintiff in its second count asks for the return of the $6,100.00 on the basis of a mutual mistake of fact. In the first count plaintiff alleges that the defendant has been unjustly enriched by reason of the fraud and in the second count it alleges that the defendant has been unjustly enriched by reason of the mutual mistake of fact.

Plaintiff's complaint is fatally defective in both counts. To recover on the first count plaintiff would have to prove that its payment of $6,100.00 to defendant was induced by the defendant's fraud. Yet plain-

tiff does not allege that the defendant misrepresented any facts or actively concealed any facts which induced it to pay the judgment. Thus its only theory of recovery must be that the defendant was under a duty to speak and disclose that one signature on its note was a forgery. We cannot agree that this obligation rested upon the defendant in this situation. There was no relationship of trust or confidence between the title insurance company-plaintiff and the consumer discount company-defendant which would give rise to a duty to disclose. Nor do the factual circumstances here give rise to this duty. This case poses the same question decided in *Bank v. Anderson, Du Puy & Co.*, 194 Pa. 205, 44 A. 1066 (1899). In that case the defendants loaned money to one Tyler on his note with 50 shares of stock of a certain company as collateral. Before the loan matured defendants learned that the issue of the collateral stock was unauthorized and they refused to renew the note. Tyler then applied to the bank for a loan and offered the same stock as collateral. The bank agreed to make the loan and the defendants sent the collateral to the bank. The defendants' clerk who delivered the collateral to the bank said nothing except to state how much was due to the defendants on their loan to Tyler. The bank paid the defendants the sum of Tyler's loan and took the stock as collateral. When the bank found out that the collateral stock was worthless it sued the defendants to recover the money paid the defendants to satisfy Tyler's loan, which payment the bank claimed had been procured through fraud on the part of the defendants. The trial court entered a nonsuit which was affirmed by the Supreme Court. In concluding its opinion the Supreme Court said this:

"The defendants were not then liable unless they were under a duty to speak to one who had made no inquiry of them, who had reposed no confidence in them, who was not influenced or misled by their conduct, and with whom they had nothing whatever to do.

Rigid and exacting as is the law in holding silence to be a fraud when there is a duty to speak, it recognizes no such obligation as this."

Since no duty to disclose arose under the facts of *Bank v. Anderson, Du Puy & Co.*, where the defendant knew that the plaintiff bank was about to make a loan on worthless collateral, there was no duty to disclose in this case where there is no allegation that defendant knew plaintiff was taking a mortgage to which one signature was forged.

Plaintiff's second count, alleging mutual mistake of fact, would not entitle it to recover for one very basic reason. In order that money paid under a mutual mistake of fact may be recovered, the payee must be placed in the same position it was before the transaction. *Boas v. Updegrove*, 5 Pa. 516, 47 Am. Dec. 425 (1847). Before the transaction at issue, defendant was the holder of a judgment entered on a note containing at least one valid signature. As a result of the transaction, the judgment having been marked satisfied, the defendant has lost both the written obligation of Apolonia Jezemski and the judgment entered against her. It cannot be restored to its former position. Thus plaintiff cannot rely on the equitable doctrine which allows recovery of money paid under a mutual mistake of fact.

Order affirmed.

---

CONCURRING OPINION BY MONTGOMERY, J.:

I readily concur in the majority opinion but desire to state an additional reason for affirming the lower court. When a person undertakes to pay the debt of some one else without first securing verification from that person that the debt is legally owing, such volunteer does so at his own risk. A certificate of no defense should have been secured by plaintiff from Mr. and Mrs. Jezemski before paying their alleged obligation to the defendant.