## AMP Incorporated v. McCaughey

*J. Thirwall Griffith* and *John J. Aponick, Jr.,* for plaintiff.

*Anthony C. Falvello,* for defendants.

SCHIFFMAN, J., January 14, 1966.—We presently have before us defendants' preliminary objections to plaintiff's complaint, as well as defendants' motion for a protective order in regard to plaintiff's request to take the oral depositions of defendants pursuant to Pennsylvania Rule of Civil Procedure 4012.

It is averred that plaintiff is a New Jersey corporation having its principal place of business in Harrisburg, Dauphin County, Pa. Plaintiff corporation is allegedly engaged in research, development, design and manufacture of electrical devices and equipment, and machinery for producing and assembling these devices.

The complaint further states that the individual defendants were, at the times hereinafter enumerated,

employed by plaintiff, and that each of them, at the times specified, entered into "invention agreements" with plaintiff, copies of which are incorporated in the complaint.

It is alleged that defendant McCaughey was employed by plaintiff from "1952" until the present time, and that on March 17, 1952, he entered into the said invention agreements "at the inception of his employment and as a condition thereof". Defendant Postupack is said to have served with plaintiff for two periods of time, from April 20, 1959, until July 5, 1961, and from August 20, 1962, until February 28, 1964. He likewise is alleged to have executed "invention agreements" contemporaneously with each period of employment, to wit, April 20, 1959, and August 21, 1962, as a condition of his employment. Defendant Zoba, it is alleged, remained in the employ of plaintiff from October 13, 1958, until February 16, 1965, and that he executed an "invention agreement" on October 9, 1958, at the inception of his employment and as a condition thereof.

It is further averred that contrary to the terms of these "invention agreements", the individual defendants formed defendant corporation, and began to design devices identical or similar to devices designed for plaintiff while employed by plaintiff, or during the time proscribed by the invention agreements and "oral understanding" with plaintiff.

Plaintiff seeks to have defendants enjoined from any further activities of the complained-of nature. It requests that they be required to turn over to it any secret papers, documents, drawings, etc., in their possession. Plaintiff also seeks punitive damages, costs and attorney's fees, as well as compensatory damages in an amount no less than $100,000.

Defendants have filed preliminary objections to the complaint in the nature of a demurrer, motion for a more specific complaint and a motion to strike.

We shall first consider defendants' demurrer. The demurrer, of course, admits all facts properly pleaded. See Eden Roc Country Club v. Mullhauser, 416 Pa. 61.

Defendants maintain that the complaint fails to state a cause of action because the "invention agreements" relied upon do not reveal that any consideration was given or promised by plaintiff in exchange for the agreements set forth therein. The agreements with defendants Postupack and Zoba provide that defendants obligate themselves to turn over to plaintiff any inventions growing out of that part of the business of the company with which they were associated, or which might incorporate company information acquired during the period of their employment with the company, or which invention might be conceived within two years after the termination of their employment with the company.

The agreements also recite that this obligation was assumed "In view of his employment and of prospective assignments to work on confidential matters, and of the special opportunities for advancement which may come from creative work based upon such company information and of the assumption by others of like continuing obligations".

The complaint alleges and the incorporated agreements demonstrate that the "invention agreements" were a necessary incident to the employment of defendants Postupack and Zoba by plaintiff.

The law of this Commonwealth has indicated that the taking of employment is a sufficient consideration to support a restrictive covenant made by an employe when such covenants are ancillary to the employment relationship: Morgan's Home Equipment Corp. v. Martucci, 390 Pa. 618.

In addition, it is to be noted that these agreements also provide that part of the consideration for the covenants with regard to inventions is the "assumption

by others of like continuing obligation". This statement, in itself, might be sufficient to render the agreement enforceable against the defendants. However, in view of our above determination, we need not consider this aspect of the matter.

The agreement by defendant McCaughey contains slightly different terms than the ones previously referred to. McCaughey agreed to essentially the same restrictions with regard to any inventions he might create. The agreement executed by him expressly states, however, that it was given "in consideration of his employment" by plaintiff. This more clearly brings his situation within the rule stated in Morgan's Home Equipment Corp. v. Martucci, supra.

In each of the above instances, the complaint recites that defendants were, in fact, employed by plaintiff company for various periods of time.

Defendants cite the Martucci case as authority for the proposition also that in order to be effective, the restrictive agreements entered into herein must have been executed at the time of the taking of employment. It is noted, in this regard, that it is alleged one of the defendants, Postupack, executed his agreement one day subsequent to the date his alleged employment began.

Zoba's agreement was executed, it is averred, four days prior to his employment by plaintiff.

It is alleged that in each instance, these agreements were executed as a condition of employment.

The same is also claimed to be true of defendant McCaughey. However, from a reading of the complaint the relation between the date of his employment and the execution of his agreement is not apparent, since the complaint does not state when his employment began.

The Martucci case cited by defendants as authority for the proposition that the agreement and employment must be entered into concurrently does not, in fact,

stand for that proposition. That case requires merely that the covenants be ancillary to the employment. In fact, in the Martucci case, the persons involved had been employed by plaintiff for a period of four weeks before they executed the restrictive agreements. They did not become regular employes until the agreements had been executed. As we have seen, the complaint alleges that defendants were required to sign the agreements as a condition of, and incident to, their employment. These facts are admitted for present purposes. These allegations, therefore, bring this aspect of the matter within the above-enunciated rule.

The second aspect of defendants' demurrer is that, even if it is conceded that the "invention agreements" are supported by consideration, they cannot be enforced, because they are unreasonable restrictions upon defendants. The reason advanced in support of this argument is that they require that defendants must assign their inventions to plaintiff for two years subsequent to the termination of their employment without additional consideration.

It is true that the law of this Commonwealth requires that restrictive covenants which form a part of a contract of employment, and are not ancillary to a buy-sell agreement, are subject to a stringent test of reasonableness: Albee Homes, Inc. v. Caddie Homes, Inc., 417 Pa. 177.

The instant agreements provide that this restriction applies only to those inventions growing out of knowledge or information the employe acquired from that portion of the business he participated in while in the employ of plaintiff. The language is not as precise in the agreement of defendant McCaughey, but it is adequate to convey the same meaning.

The United States District Court for the Middle District of Pennsylvania, in considering the reasonableness of precisely the same agreement as those presently

before us, held that the restriction for a two-year period after the termination of employment was not unreasonable, unconscionable or contrary to public policy: AMP Inc. v. Akim Aksu, d.b.a. Program Data Co., civil action no. 8611 (D.C.M.D., Pa.).

The within agreement, on its face, is not an unreasonable restriction. Presumptively, such agreements are legal: Harbison-Walker Refractories Company v. Stanton, 227 Pa. 55. We, therefore, are constrained to agree with the United States District Court in the Aksu case, supra. We must conclude that at least for present purposes, the "invention agreements" are not unreasonable.

The cases cited by defendants in support of the proposition that defendants cannot be required to assign their inventions to plaintiff without additional consideration, after their employment has been terminated, *are not* applicable to the instant factual situation.

Defendants' preliminary objections, under the heading of a motion to strike, relate to the averments contained in plaintiff's prayer for relief in subpargaraphs B, E, H and I. It is asserted that plaintiff seeks relief for which no supporting facts are averred in the complaint. Defendants' objection is well taken: Ebur v. Alloy Metal Wire Co., 304 Pa. 177. However, we will not strike the above-referenced paragraphs, which relate to claims for punitive damages, compensatory damages, the surrender of alleged documents, equipment, etc., of plaintiff, and the surrender of all inventions within the scope of the agreements herein. Rather, we direct that plaintiff's complaint be amended in order to properly reflect the facts, if any, upon which these claims for relief are based.

It should be noted in this regard that a claim for damages cannot be stated in a lump sum, but must be so specifically pleaded as to advise defendant of the

nature of the claim, in order to enable him to adequately prepare a defense: Pa. R. C. P. 1019 (f) ; Urbanski v. Central Mutual Ins. Co., 52 Luz. 114.

Furthermore, a great deal of specificity is required in order that sufficient facts be pleaded in order to establish the right to a claim for punitive damages. Damages of such a nature are not normally recoverable in a case such as this: Hobensack v. McLean, 86 D. & C. 482.

We will, however, grant defendants' motion to strike insofar as it relates to the claim for attorney's fees set out in subparagraph (h) of the complaint. We know of no rule of law which permits the recovery of attorney's fees in the factual situation before us and plaintiff has cited none.

Finally, we must consider defendants' preliminary objection in their motion for a more specific complaint.

The rule with regard to specificity requires that the facts upon which a claim are based must be pleaded with sufficient particularity to advise defendant of the nature of plaintiff's claim in order to enable him to prepare an adequate defense: Dictograph Products, Inc. v. Hurwitz, etc., 5 D. & C. 2d 95.

The preliminary objections are stated generally as follows:

"1. Paragraph 8 of plaintiff's Complaint alleges that defendant McCaughey was employed in 1952 without specifying a date of his employment.

"2. Paragraph 12 of plaintiff's Complaint alleges an 'understanding' between the plaintiff and the individual defendants concerning the disclosure of various trade secrets and confidential information. The defendants are entitled to know when, where, and with whom on behalf of the plaintiffs said oral understanding was made and the specific terms and consideration for said alleged oral understanding.

"3. Paragraph 12 of plaintiff's Complaint alleges

that various trade secrets and confidential information were to be kept confidential 'either during or after the terms of the individual defendants employment.' Defendants are entitled to know for what period of time after the terms of the employment it is alleged that the defendants agreed to keep said information confidential and within what territory said restriction is alleged to have been agreed upon.

"4. Paragraph 12 of the Complaint alleges that various trade secrets and confidential information to be 'more fully described hereinafter' were imparted to the defendants. However, paragraph 13 does not describe trade secrets and confidential information specifically imparted to the individual defendants, other than to describe it in the most general and broad terms.

"5. Paragraph 14 of the plaintiff's complaint alleges that trade secrets were conveyed to the defendants with the 'understanding' that they were not to be revealed or used inimical to plaintiff's interest. Defendants are entitled to know when, where, and with whom and the specific terms of said 'understanding' and whether the same was written or oral, and the consideration for it.

"6. Paragraph 15 of the Complaint alleges that the individuals formed the defendant corporation for the purpose of designing devices identical with or similar to those they designed for the plaintiff. Defendants are entitled to know what devices it is alleged the defendant corporation was formed for the purpose of designing which would be identical with or similar to those designed for the plaintiff.

"7. Paragraph 16 alleges that the individual defendants have employed trade secrets of the plaintiff in furtherance of the business of the defendant corporation and have conveyed these secrets to plaintiff's competitors in violation of their agreements. Defendants are entitled to know what the alleged trade secrets were that were violated.

"8. Paragraph 17 of the Complaint alleges that defendants have made inventions in the area covered by the invention agreements which should be reported and assigned to the plaintiff. The defendants are entitled to know what these alleged inventions are and specifically in what way they are within the alleged invention agreements".

Defendants' preliminary objections 9 and 10 under the motion for a more specific complaint deal with the questions of the demand for punitive damages and the improper statement of the demand for compensatory damages, which have been considered above.

We find that the remaining preliminary objections stated above are well taken. The allegations contained in the complaint to which these objections are made are so general as to permit plaintiff to introduce proof at trial of almost any set of facts, which of course is improper: Shoemaker v. McKinney, 30 Northumb. 14.

In requiring a more specific pleading, we are not indicating that plaintiff must plead secret processes, trade secrets or the like. However, it is apparent that plaintiff can provide defendants with at least an identification and nature of the products, persons, time and places involved, so as to permit them to know that against which they are to prepare a defense.

The argument advanced by plaintiff, that to require them to provide such information would place an unreasonable burden upon them because of the fact that defendants' employment involves periods of several years during which they had access to a great deal of knowledge, products and information, merely points out the deficiency of the complaint in this respect. How can defendants prepare an adequate defense to plaintiff's claim if plaintiff itself cannot specifically identify the wrongs for which it seeks redress?

Defendants have also filed a motion for a protective order under Pa. R. C. P. 4012, asking that the request

of plaintiff, pursuant to Pa. R. C. P. 4007 (c), to take oral depositions of defendants, be deferred until the pleadings have been completed.

We do not believe that this question can be any more succinctly stated than it has been in the case of Lawrence G. Chait & Company, Inc. v. Republican State Committee, 30 D. & C. 2d 678. The court stated therein:

"The basic test to be applied in ruling upon plaintiff's request to require defendants to submit to oral examination for purposes of discovery is whether the request will substantially aid in the preparation of the pleadings or the preparation or trial of the case as provided by Pa. R.C.P. 4007 (a). A plaintiff under this rule may secure discovery (1) to aid in the preparation of his pleadings, or (2) to aid in the preparation for trial of the case. Plaintiff cannot contend that the request which it filed was for the purpose of aiding it in preparation of its complaint, since its complaint has already been filed and served, and it would seem inherent in the portion of the rule permitting discovery to 'aid in the . . . preparation or trial of the case,' that the case must be at issue. As we view the matter, therefore, plaintiff's request was filed too late to 'aid in the preparation of the pleadings' and too early to 'aid in the . . . preparation or trial of the case' ".

We conclude, therefore, that the protective order should be granted to continue until such time as the pleadings are complete.

Accordingly, we enter the following

### ORDER

Now, January 14, 1966, the preliminary objections of defendants in the nature of a demurrer are dismissed.

The preliminary objections of defendants in the nature of a motion to strike are dismissed, except insofar as they relate to the claim for attorney's fees,

120

since such a claim is not pertinent to the wit. .n cause of action. The claim for recovery of attorney's fees is stricken.

The preliminary objections of defendants in the nature of a more specific complaint are sustained.

Plaintiff is directed to file an amended complaint consistent with this decision within 20 days of the date hereof.

Defendants' motion for a protective order pursuant to Pa. R. C. P. 4012 is granted. No depositions shall be taken until the matter is at issue.