## Lare v. Borough of Luzerne

*Neville B. Shea* and *A. Richard Caputo*, for plaintiff.

*Rosenn, Jenkins & Greenwald* and *E. C. Marianelli*, for defendants.

SCHIFFMAN, J., May 29, 1969.—We presently have before us defendants' preliminary objections to plaintiff's complaint in equity.

Plaintiff seeks an injunction against the defendants in order to prevent them from tearing down or causing to be torn down certain houses owned by her in the Borough of Luzerne, and to recover damages in a total amount of $52,000 for certain buildings owned by her which have already been torn down.

The buildings torn down or proposed to be torn down, it is alleged, were determined to be unfit for human habitation by the borough building inspector, one Joseph Shedlarski. The buildings were posted by him in such fashion as to indicate that they were unfit for human habitation. The tenants dwelling therein were therefore compelled to move from the premises.

Thereafter, because of the insistence of the borough authorities, plaintiff caused certain of her buildings to be torn down in order to control the cost thereof, since the borough had threatened to do so, and assess the cost against her. Certain other buildings were then torn down at the insistence of the borough and the costs attempted to be assessed against plain-

tiff. In addition, the borough threatened to tear down other buildings. At that point, plaintiff initiated the instant proceedings, seeking to enjoin such further action and to obtain compensation for the buildings already destroyed.

All of the above was allegedly done by the Borough of Luzerne pursuant to an ordinance adopted by the borough relating to buildings, housing and plumbing regulation, which ordinance was enacted pursuant to an enabling act set out in the Act of May 4, 1927, P. L. 519, art. XII as altered and amended, 53 PS §46202 (24).

Defendants' preliminary objection in the nature of a demurrer sets out that a court of equity has no jurisdiction in this matter because there is an adequate remedy at law which plaintiff has not availed herself of because she has not exhausted the administrative procedures contained in the borough ordinance.

The demurrer also sets out that the complaint fails to set forth any allegations showing liability upon the part of Joseph Shedlarski, the building inspector, and that it fails to set forth any cause of action relating to premises described as 192-194-196 Main Street, Luzerne. (The latter premises were torn down by plaintiff herself.)

Let us first consider therefore whether a court of equity has jurisdiction to hear this matter. Plaintiff contends she did not have an adequate remedy at law since no administrative remedy is provided in the building code and that this matter, in any event, is not before the court.

The demurrer of course admits all allegations of fact properly pleaded: Bata v. Central-Penn National Bank of Phila., 423 Pa. 373; Eden Roc C. Club v. Mullhauser, 416 Pa. 61.

Plaintiff has set forth in her complaint that she never received any notice of the deficiencies com-

plained of by Mr. Shedlarski, the building inspector. This fact is therefore for the present purposes, admitted. Some question is raised in the hearing held pursuant to the application herein for a preliminary injunction as to whether or not any notice was given. However, we are not called upon to make any determination of that matter at the present time. Nor could we, since the testimony is not complete.

The ordinance in question does require that

"When the Building Inspector determines that there exists a violation of any provision of this Ordinance, he shall give written notice of such violation to the violator. The notice of violation shall specify the violation which exists and a reasonable time within which to correct it. The notice may also describe a course of remedial action which will effect compliance with this Code": Luzerne Borough Ordinance, Enacted 5 Sept. 1962, section 303 (a).

Section 303 (b) of the code aforesaid, then provides for an appeal from such decision to a Board of Appeals made up of the borough council and from there to an "appropriate court." Section 304 (d) of the ordinance provides further that all complaints or orders issued by the building inspector pursuant to this ordinance shall be served upon persons either personally or by registered mail.

In view of Mrs. Lare's presently admitted allegation that she received no such notice, we cannot conclude that she is barred from instituting this action in equity for an injunction to restrain the further destruction of her property. Certainly the Borough of Luzerne could not be heard to object that she had not exhausted her administrative remedy at law if she, in fact, was never given an opportunity to exercise it. The requirement of precise and explicit notice in the ordinance with an attendant right of appeal is obviously intended to accord interested parties a full opportunity to be heard

before their rights and interests can be affected. These provisions provide the only mechanics for an appeal from a determination of the building inspector. No appeal lies from his final determination to destroy or repair the allegedly offending buildings.

It is obvious that if Mrs. Lare received no notice of the violation complained of, she had no adequate opportunity under the terms of the ordinance to appeal the determination of the building inspector. There being no remedy to her therefor, adequate to resolving her objections, a court of equity would not be ousted of jurisdiction: Harris-Walsh, Inc. v. Dickson City Borough, 420 Pa. 259.

The mere existence of a "remedy" in the ordinance is of no import to one aggrieved by the application of that ordinance if such a person had no opportunity to exercise that remedy. Since an appeal cannot at the present be taken by Mrs. Lare, under the terms of the ordinance, and since irreparable harm could ensue if her rights are not established, we must conclude that equity has jurisdiction in the matter. See also Bliss Excavating Company v. Luzerne County, 418 Pa. 446, 451. It follows that once equity has assumed jurisdiction for any reason, it can then resolve all matters before it.

Although both parties have advanced other arguments in support or derogation of their respective positions in regard to jurisdiction, we feel no need to further discuss them in view of our determination immediately above.

Another prong of defendants' demurrer is that no cause of action is stated against the defendant Joseph Shedlarski. The complaint does allege that the tenants were driven from the buildings in question by Mr. Shedlarski's actions and that certain buildings were destroyed at his insistence. It also claims damage from him in the amount of $12,000. It is conceiv-

able under the facts alleged that a cause of action might exist against Mr. Shedlarski. Under such circumstances, it is the policy of our courts to refuse to grant a demurrer: Bata v. Central Penn National Bank of Phila., supra.

However, we do agree that a cause of action against Mr. Shedlarski is not clearly stated. In view of this, we will direct an amendment of the complaint to clearly allege what, if any, reason there is to affix personal liability to defendant Joseph Shedlarski.

Defendants also filed preliminary objections in the nature of a motion to strike. These were not pursued at argument by defendants and are deemed to be withdrawn.

Defendants have also filed preliminary objections in the nature of a motion for a more specific complaint. Plaintiff has agreed to amend her complaint to meet the objections raised by defendants in this regard. In view of her agreement to do so, our further discussion thereof would be moot. Plaintiff has in fact filed an amended complaint herein which was withdrawn at the time of hearing upon the application for preliminary injunction in order to permit the parties to proceed at that time.

It should be noted before concluding that no judicial determination with regard to the preliminary injunction sought was made since the parties stipulated that no decision thereon was required. They agreed that the status of all parties would remain unchanged until a determination be made by this court upon the preliminary objections herein.

Accordingly, we enter the following

### ORDER

Now, May 29, 1969, at 10 a. m., (EDT), the preliminary objections of defendants in the nature of a demurrer are overruled.

The preliminary objections of defendants in the nature of a motion to strike are overruled.

The preliminary objections of defendants in the nature of a motion for a more specific pleading are sustained. Plaintiff shall file an amended complaint in conformity with this decision within 20 days of the date hereof.