## Suburban Oil Service, Inc. v. Parker

Before Hourigan and Podcasy, JJ.

*Murray Ufberg*, for plaintiff.
*Raymond Lowery*, for defendant.

PODCASY, J., May 1, 1973.—This matter comes before the court upon a demurrer to the complaint by defendant, Harriet J. Parker, who complains that:

1. The facts alleged in the complaint do not set forth a legal relationship between plaintiff and defendant upon which plaintiff can sustain the extreme remedies sought.

2. The facts set forth in the complaint do not show that defendant was a party to any relationship with plaintiff by which defendant was legally bound to cease or desist from engaging in conduct.

3. The facts alleged in the complaint do not set forth a contract between plaintiff and defendant.

Originally, plaintiff, Suburban Oil Service, Inc., was granted a preliminary injunction based on the follow-

ing facts: Plaintiff purchased a fuel oil business, including good will and a covenant not to compete from defendant's husband, C. King Parker, a/k/a Clifford K. Parker, individually and trading as Parker Fuel Company. The consideration allocated to the covenant not to compete was $35,000, for which the said Parker agreed that he would not, in any capacity whatsoever, engage directly or indirectly in the fuel oil business in Luzerne, Lackawanna or Wyoming Counties for a period of seven years.

Parker further agreed that he would not turn over any customers or accounts to anyone or knowingly assist any person to directly or indirectly acquire those accounts from the buyer of his business, viz., plaintiff herein. Thereupon, Parker became an employe of plaintiff and he continued as such for approximately two and one-half years when, on December 24, 1971, he disgruntledly resigned and, less than a week later, a like business was commenced in Dallas, Pa., known as Parker Oil Sales.

Application for preliminary injunction was then filed by plaintiff, first against Parker and then against his wife, Harriet Parker, defendant herein. After hearing, a decree awarding preliminary injunctions was granted against both Parkers, husband and wife. Incidentally, during the original hearing, Mrs. Parker filed preliminary objections to the complaint in the form of a demurrer.

Defendant bases her entitlement to relief chiefly on the fact that mere aiding and directing the participation of one's wife in a new business similar to the one which a husband agreed and covenanted not to compete in is not a violation of a covenant not to compete and any such allegation in the complaint is insufficient as a matter of law to sustain plaintiff's position. With this, we cannot agree, but our disagreement does not

extend to the substantive merits of plaintiff's cause of action.

The court in Stone v. Stone, 64 Pa. Superior Ct. 392, cited in both argument briefs, at page 394, clearly and succinctly states that "[t]he purpose of the contract between the parties was to protect the appellee *against the capital as well as the. skill and experience of the appellant in a competing business.*" In that case, under similar circumstances, the complaint was not invalidated. (Italics supplied.)

Both parties also cite the case of Sklaroff v. Sklaroff, 263 Pa. 421 (1919), in which the Supreme Court affirmed the granting of the lower court's decree as to a request for an injunction in circumstances similar to the ones herein.

A careful perusal of the complaint in this matter certainly indicates a cause of action against defendant-wife in terms which are clear and precise which would enable her to file an answer and prepare her defense.

As is pointed out in defendant's brief, in the case of Merit Laundry & Dry Cleaning Co. v. Beck, 35 Northumb. L. N. 199, the law does not forbid a wife from engaging in a business although her husband entered into an agreement or covenant not to compete, but in that litigation the husband only was defendant and there is, of course, nothing in the law to prevent a wife to engage in another business so long as it is not similar to that business in which the husband agreed not to compete.

The law is adamant that where a husband is enjoined from establishing a second business after covenanting not to compete, a wife should not be allowed to obtain the benefit of the proceeds of said covenant and then defiantly, in her name, establish a like business. This recalls the old adage "you can't have your cake and eat it too."

The court feels, however, that there is a deficiency of

pleading in paragraph 7(b) of plaintiff's complaint wherein defendant is accused of soliciting the business of customers whose names were transferred to plaintiff by C. King Parker. Defendant is entitled to know the names and addresses of those customers as well as the times when the alleged soliciting occurred. This information is required so that defendant can adequately answer the said allegation in defending this action.

Insofar as the demurrer is concerned, the court in New West Evergreen & Wreath Corp. v. Wilson H. Flock, Inc., 62 Luz. 72 (1972), stated as follows:

"In Clevenstein v. Rizzuto, 439 Pa. 397, 401 (1970), our Supreme Court stated: 'Preliminary objections to a complaint in the nature of a demurrer admit as true all well-pleaded material facts set forth in the complaint, as well as all inferences reasonably deducible therefrom, but not the pleader's conclusion of law: Eden Roc Country Club v. Mullhauser, 416 Pa. 61, 204 A. 2d 465 (1964); Lerman v. Rudolph, 413 Pa. 555, 198 A. 2d 532 (1964).' And in determining whether or not a demurrer should be sustained, two standards must be borne in mind: (1) The question at issue is not whether the complaint is so clear in form and specification as to require no amendment before the plaintiff (here the original defendant) is entitled to proceed to trial, but whether, upon the facts averred, the law says with certainty that no recovery is permitted; and, (2) where a doubt exists as to whether a demurrer should be sustained, this should be resolved in favor of overruling it: Birl v. Philadelphia Electric Co., 402 Pa. 297, 167 A. 2d 472 (1960); Adams v. Speckman, 385 Pa. 308, 122 A. 2d 685 (1956); Sun Ray Drug Co. v. Lawler, 366 Pa. 571, 79 A. 2d 262 (1951). See also, Engel v. Parkway Company, 439 Pa. 559 (1970)."

After a thorough review of this matter, we are convinced that there is no basis for a demurrer.

Accordingly, we enter the following

## ORDER

It is ordered, adjudged and decreed that as to the one item only, the preliminary objection in the nature of a motion for more specific pleading is hereby granted; the preliminary objection in the nature of a demurrer is hereby dismissed; and plaintiff is hereby granted an additional 20 days from the date hereof to file an appropriate pleading.