## Kirk v. Sorensen (No. 2)

*Maxwell H. Cohen* and *C. Paul Rogers, III*, of *Cohen & Royle*, for plaintiff.

*Edward H. Hoffner*, of *Robinson & Hoffner*, for defendants.

MARSH, *J.*, July 3, 1975—Ted Kirk, plaintiff, filed an amended complaint in assumpsit against John E. Sorensen and Angela L. Sorensen, his wife, to recover from them a real estate broker's commission which plaintiff claims to be due to him for effecting the sale of certain real estate owned by defendants as tenants by the entireties.

In response to the amended complaint, defendants filed preliminary objections in the nature of demurrer and in the nature of a motion for more specific complaint.

Preliminary objections in the nature of a demurrer admit as true all facts which were averred in the complaint, together with all reasonable inferences therefrom: Eden Roc Country Club v. Mullhauser, 416 Pa. 61 (1964).

The listing agreement whereby plaintiff, Ted Kirk, was engaged to sell the property of defendants was signed by plaintiff, Ted Kirk, and John Sorensen, one of defendants. It was not signed by Angela L. Sorensen, the other defendant. However, the amended complaint states that, at the times men-

tioned in the complaint, defendants were husband and wife, and further states that the husband executed and delivered the listing agreement to plaintiff on behalf of both defendants.

Defendants contend that plaintiff, by his allegation regarding agency for his wife, is endeavoring to modify or alter the terms of the written contract of employment employing plaintiff in violation of the parol evidence rule.

We do not believe that it is appropriate for us to decide the applicability or effect of defendant's contention at this stage of the proceeding. Therefore, we cannot sustain this contention of defendants at this time. However, we are not deciding the merit of this contention if it is raised at a later stage of this proceeding.

Defendant contends that the amended complaint is not sufficiently specific in that it does not aver the specific events or particulars which occurred between plaintiff and Karl Hope, as the principal of American Landmark Corporation, the ultimate purchaser of the real estate from defendants.

In his amended complaint, plaintiff has set forth the actions which he took for the purpose of effecting a sale of this property and has averred that his actions constituted the efficient cause of the production of the ultimate purchaser of the property. Plaintiff contends that he has alleged all the necessary material facts and he is not required to plead evidence.

The line between material facts and evidence is a difficult one to draw. In a case of this type, evidence to prove plaintiff's right to recover may be rather expansive and lead down various pathways, depending upon developments at the trial. To require plaintiff to plead in all of these directions would require pleading of evidence by plaintiff.

We believe that the amended complaint is adequate to sustain a recovery by plaintiff if plaintiff is able to prove these facts. We believe that the complaint is sufficiently specific to apprise defendants of the issues of fact that they must meet at the trial and to prepare a defense. Therefore, the court makes the following

## ORDER

And now, July 3, 1975, the preliminary objections in the nature of demurrer and the preliminary objections in the nature of a more specific complaint are dismissed. Defendants are granted a period of 20 days from this date within which to file an answer to the amended complaint.