## Monaghan v. Greenberg

*Alan L. Botkovitz*, for plaintiff.
*Mark Mendel*, for defendant Greenberg.
*John McNally*, for defendant Schwartz.

DiNUBILE, *J.*, July 10, 1979—On April 23, 1979, plaintiff, Joseph Monaghan, filed a complaint in equity against Melvin Greenberg, a member of City Council of the City of Philadelphia, Robert Greenberg, the City Treasurer, Eugene Cliett, the Acting City Controller and Irvin Davis, the City Director of Finance. The gravaman of the complaint is that Councilman Greenberg solicited and accepted criminal appointments from judges in the City of Philadelphia for which he received compensation in an undetermined amount.

It is contended that this is in violation of section 10.10-100 of the Philadelphia Home Rule Charter

which prohibits a councilman from having any interest in a contract for services paid for with city funds.

This action seeks the removal from office of Councilman Greenberg, the forfeiture of his councilmanic salary, the restitution of all moneys received by him for these services, and that the other defendants be enjoined from certifying and paying out any salary to Councilman Greenberg.

Plaintiff also filed a complaint in mandamus against the President of City Council of the City of Philadelphia, George X. Schwartz, directing him to declare a vacancy in the council seat now held by Greenberg.

Preliminary objections were filed to the complaint in equity and mandamus in the nature of a demurrer and these matters were consolidated for a hearing.

Preliminary objections admit all facts which are well pleaded but not the pleader's conclusions or averments of law: Geary v. U.S. Steel Corporation, 456 Pa. 171, 319 A. 2d 174 (1974); Eden Roc Country Club v. Mullhauser, 416 Pa. 61, 204 A. 2d 465 (1964); Bogash v. Elkins, 405 Pa. 437, 176 A. 2d 677 (1962).

Therefore, it is necessary to determine if the averments made concerning Councilman Greenberg are violations of the Home Rule Charter.

Section 10.10-100 provides in pertinent part as follows:

"As provided by statute, no councilman shall solicit, benefit by, or be interested directly or indirectly in any contract for the purchase of property of any kind to be paid for from the City Treasury, nor shall he be interested directly or indirectly in any contract for the erection of any structure, or for the

supplying of any services to be paid for out of the City Treasury."

The complaint avers Councilman Greenberg supplied services for which payment was made from the city treasury. Plaintiff contends that this section of the Home Rule Charter applies even though a contract is not made with the city if payment is made for the services from the city treasury.

The annotation to section 10.10-100, supra, sheds light on its purpose and intention: "1. Ethical standards of conduct preclude one who is a City Officer from soliciting in a private capacity or personally profiting or being interested, directly or indirectly, in contracts with the City whose officer he is."

The determining factors violative of this standard are that a councilman must have an interest in a contract and the *contract must be made with the city*.

This interpretation is illumined and made crystal clear by a reading of the Criminal Code of June 24, 1939, P.L. 872, sec. 682, 18 P.S. §4682 [see now, 18 C.P.S.A. §5302], to which section 10.10-100 of the Home Rule Charter refers. This section of the statute deals with prohibited acts of public officials and officers and directors of corporations. It provides, inter alia, that a councilman may not directly or indirectly be "interested in any contract for the sale or furnishing of any supplies or materials to be furnished *to or for use of such corporation, municipality or public institution of which he is a member*." (Emphasis supplied.)

The Home Rule Charter provides an additional restriction concerning contracts for services which is not covered by the statute. However, the statute

requires that a contract must be with the municipality in order to be a violation of the law.

The court appointments that Councilman Greenberg is charged with accepting were for the express purpose of providing legal representation to indigent defendants and were not contracts entered into with the City of Philadelphia. Such contracts or agreements were between Councilman Greenberg and the judicial branch of the Commonwealth of Pennsylvania and not the City of Philadelphia. Therefore, Councilman Greenberg's actions in handling these criminal matters do not come within the ambit of section 10.10-100 of the Philadelphia Home Charter.

Assuming arguendo that the City Charter is applicable, this action would have to be dismissed because it has been improperly maintained. The general rule is well settled that quo warranto is the sole and exclusive remedy to try title or right to office, whether the right which is challenged is that of a de jure or de factor officer: Mayer v. Hemphill, 411 Pa. 1, 190 A. 2d 444 (1963).

Having determined that the Home Rule Charter was not violated, mandamus does not lie. There is an additional reason why the mandamus action must fall. Councilman Schwartz as President of City Council, has no authority to remove Councilman Greenberg from office. Therefore, he cannot be compelled to do that which he is not empowered to do.

For the foregoing reasons, the preliminary objections of defendants to the complaints are sustained and the actions are dismissed.

## ORDER

And now, July 10, 1979, upon consideration of the

preliminary objections, and upon motion of John M. McNally, Jr., First Deputy City Solicitor, attorney for defendants Cliett, Davis and R. Greenberg, it is: ordered and decreed that the complaint in equity in this matter is dismissed, with prejudice, and judgment entered in favor of defendants Cliett, Davis and R. Greenberg.

## ORDER

And now, July 10, 1979, upon consideration of the preliminary objections of defendant, Melvin J. Greenberg, to plaintiff's complaint in equity, and after hearing thereon, it is hereby ordered and decreed that the said preliminary objections of the defendant, Melvin J. Greenberg, are hereby sustained and plaintiff's complaint is hereby dismissed.