# Moyn *v.* Rose, Appellant.

*Partnership—Termination—Equity—Accounting — Receivers —*
*Decree.*

1. In a suit in equity for an accounting between partners, and for the appointment of a receiver of partnership assets, a decree appointing such receiver and directing that the defendant pay over to the latter the proceeds of the sale of certain store property received by him, is proper where it appears that the plaintiff and defendant had entered into a written agreement to form a company for the operation of grocery stores; that plaintiff was to contribute $5,000 and defendant $20,000 to the capital; that the plaintiff paid his contribution, but that defendant paid nothing; that the intention to form a corporation was abandoned, but that two stores were purchased, which were operated by the defendant and plaintiff as partners; that the business was a failure; and that the stores had been sold by the defendant and the proceeds of the sale deposited by defendant in a company of which he was president.

*Practice, Supreme Court—Appeals—Assignments of error—Rule*
*26—Defective assignments.*

2. An assignment of error which complains of a decree in equity containing five distinct orders so that such assignment may relate to all or any of the five matters which are the subject of the decree, is in violation of Rule 26 as raising more than one distinct question.

3. An assignment of error complaining of a decree that is based on the findings of fact and conclusion of law reached by the court below, is defective where no exceptions to the findings of fact and conclusions of law were filed or if exceptions were filed, and dismissed, the dismissal thereof has not been assigned as error.

Argued March 24, 1914.   Appeal, No. 367, Jan. T., 1913, by defendant, from decree of C. P. No. 5, Philadelphia Co., March T., 1913, No. 958, appointing a receiver on bill in equity in case of William Moyn, Jr., v. Harry M. Rose.   Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.   Affirmed.

Bill in equity for the appointment of a receiver, and for other relief. Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

The court, on final hearing, awarded the relief prayed for. Defendant appealed.

*Error assigned* was the decree of the court.

*H. Hampton Todd,* with him *Julius C. Levi,* for appellant.

*Joseph R. Embery,* for appellee.

OPINION BY MR. JUSTICE POTTER, July 1, 1914:

This was a bill in equity praying for the appointment of a receiver, and for an accounting between partners. The bill averred that William Moyn, Jr., and Harry M. Rose, entered into a written agreement, for the purpose of forming a company for the operation of retail grocery stores. Moyn, the plaintiff, was to contribute $5,000 to the capital, and was to receive twenty-five per cent. of the profits of the business, while Rose, the defendant, was to contribute $20,000 to the capital of the concern. Plaintiff paid in his contribution to the capital as agreed, but defendant paid in nothing. The intention to form a corporation seems to have been abandoned, but the parties purchased two stores, one at Tyrone, and the other at Lewistown, where they began business as a partnership, under the firm name of "Perfection Groceries Company." The business proved a failure and this bill was filed by plaintiff, in which he alleged wrongful conduct on the part of defendant in a number of particulars. Plaintiff asked (1) that the agreement mentioned above should be adjudged to be terminated, and cancelled; (2) that defendant be decreed a trustee ex maleficio of the moneys received by him from plaintiff; (3) that defendant be required to repay to plaintiff the $5,000 paid to him by the

latter under the agreement, with interest; (4) that a receiver be appointed to take charge of the assets of · the Perfection Groceries Company, and (5) that defendant be enjoined from disposing of the assets. An answer and replication were filed and the case went to a hearing. The court below held that defendant was not a trustee ex maleficio, but that the parties were partners; that the partnership agreement should be terminated, and that a receiver should be appointed. It was found that the stores at Tyrone and Lewistown had been sold by defendant for the sum of $2,800, which was deposited with the "Rose Company," of which defendant was president. In the decree the defendant was required to pay to the receiver this sum of $2,800, being the proceeds of the sale of the stores.

There is but one assignment of error here, which is to the decree of the court below as a whole. As a matter of fact the decree contains five distinct orders. Appellant complains of but one of these orders, which was that requiring defendant to pay to the receiver the proceeds of the sale of the stores. This does not, however, appear in any way in the assignment of error. Upon its face the assignment may relate to all or any of the five matters which are the subject of the decree. The assignment is therefore in violation of Rule 26 as raising more than one distinct question; Berg v. Trust Co., 233 Pa. 469. It is also open to the objection made by counsel for appellee, that the decree is based on findings of fact and conclusions of law reached by the court below, to which exceptions were not taken, or if exceptions were filed and dismissed, the dismissal has not been assigned as error.

· The questions raised by this bill relate only to the proceeds derived from the sale of the stores. The evidence clearly shows that these proceeds went to the bank account of the Rose Company. The trial judge reached the conclusion and stated it as one of law, that defendant "should not be permitted to retain the proceeds of the sales of the stores, either directly or under color of pay-

ments to the Rose Company." Counsel for defendant made no requests for findings, either of fact or law, with regard to these proceeds. An exception was taken to the conclusion of law just cited, that defendant should not be permitted to retain the proceeds, but the overruling of this exception is not assigned as error. The trial judge in substance found that the defendant received the proceeds of the sale of the stores, and deposited them with the Rose Company, a corporation of which he is president, and which he presumably controls. The money in question was thus found to be practically in his possession, and under his control. As the fund was an asset of the partnership, it should, of course, be paid over to the receiver. Counsel for appellant admits that if this money had been deposited in bank to the credit of the partnership, it would undoubtedly have been properly passed to the receiver. The Rose Company seems to have acted as a banker for the parties to this action. We see no reason therefore why it should not be treated as such. In addition to that, the evidence indicates that defendant occupied a position of control, both in the business of the partnership, and in the Rose Company. He admitted the receipt of $2,800 of the firm's money, and the burden was therefore upon him to show by satisfactory proof what disposition had been made of it. The evidence offered by him to show that the money did not remain under his control was by no means clear or satisfactory. We think the court below was justified in directing defendant to pay to the receiver the proceeds arising from the sale of the stores.

If the Rose Company has any claim as a creditor of the partnership, it can be presented to the receiver.

The assignment of error is overruled, the decree of the court below is affirmed, and this appeal is dismissed, at the cost of appellant.