## Adams, Appellant, *v.* Speckman.

Argued April 18, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY MUSMANNO and ARNOLD, JJ.

*Lloyd B. White, Jr.,* with him *James L. Johnson,* for appellants.

*Joseph D. Calhoun,* for appellees.

OPINION BY MR. JUSTICE BELL, May 21, 1956:

The Court below sustained preliminary objections to a complaint in assumpsit on the ground that the complaint failed to set forth a legal cause of action. Three reasons were given for this conclusion: (1) since the action was for the balance of purchase price of a business, it was in legal effect a bill for specific performance and was governed by equitable principles pertaining to specific performance; (2) since a part of the goods in question had been sold, plaintiffs were unable to perform their part of the contract and consequently were not entitled to any relief; (3) the pleadings failed to give particular facts to show the basis for the damages claimed. We do not agree with the lower Court.

We approach this case in the light of the well settled principles set forth in *Gardner v. Allegheny County,* 382 Pa. 88, 94, 114 A. 2d 491: ". . . 'preliminary objections admit as true all facts which are averred in the bill of complaint but not the pleaders' conclusions or averments of law': Narehood v. Pearson, 374 Pa. 299, 302, 96 A. 2d 895. Moreover, when the sustaining of defendants' preliminary objections will result in a denial of plaintiffs' claim, or a dismissal of plaintiffs' suit, preliminary objections should be sustained only in cases which are clear and free from doubt: London v. Kingsley, 368 Pa. 109, 81 A. 2d 870; Waldman v. Shoemaker, 367 Pa. 587, 80 A. 2d 776."

Plaintiffs and defendants entered into a written agreement dated November 15, 1948, for the sale by plaintiffs to defendants of the "business, stock, fixtures and equipment of the business venture known as the 'Sherbrook Farms Mkt.' ", final delivery of title and ownership of said business to be conditioned upon the prompt payment by defendants of 39 promissory notes plus interest at 3% per annum. The full consideration was $5850.00, exclusive of interest. Defendants paid the first four notes. They then advised plaintiffs that they were leaving the premises where the business was conducted and would not pay the remaining notes. Until defendants defaulted defendants had possession of and had been conducting the aforesaid business.

Plaintiffs, subsequent to the aforesaid notice, made repeated demands on defendants "to retake possession of the goodwill, fixtures, trade name, stock and business known as Sherbrook Farms Market, and to pay the aforesaid notes as they came due, but the defendants refused and failed to do so.

"After the Defendants refused and failed as aforesaid, Plaintiffs sold those fixtures which were capable of being sold by them, for the sum of Two Hundred Forty Dollars ($240.00).

"Wherefore, there is due and owing from the Defendants to the Plaintiffs, the sum of Five Thousand Two Hundred Ten Dollars and 00/100 ($5,210.00), with interest from the 15th day of January, 1954, for which sum the Plaintiffs demand judgment against the Defendants."

The complaint stated a good cause of action. Plaintiffs had a legal right under the particular breach in this case to sue in assumpsit for the balance of the purchase price less the amounts paid them by defendants and less the market value of the fixtures which plain-

tiffs sold. Plaintiffs' sale of certain fixtures did not have the legal effect, ascribed to it by the lower Court, of nullifying plaintiffs' right to damages. Plaintiffs' complaint sufficiently averred the necessary facts to support their action and the damages which they claimed.

In Restatement, Contracts, §329, the law is thus stated: "Compensatory Damages for Substantial Injury."

Where a right of action for breach exists, compensatory damages will be given for the net amount of the losses caused and gains prevented by the defendant's breach, in excess of savings made possible, . . . .

"Comment: a. In awarding compensatory damages, the effort is made to put the injured party in as good a position as that in which he would have been put by full performance of the contract, at the least cost to the defendant and without charging him with harms that he had no sufficient reason to foresee when he made the contract."

In *Taylor v. Kaufhold,* 368 Pa. 538, 84 A. 2d 347, the Court said (page 546) : "Where one party to a contract, without any legal justification, breaches the contract, the other party is entitled to recover, unless the contract provides otherwise, whatever damages he suffered, provided (1) they were such as would naturally and ordinarily result from the breach, or (2) they were reasonably foreseeable and within the contemplation of the parties at the time they made the contract, and (3) they can be proved with reasonable certainty: Macchia v. Megow, 355 Pa. 565, 50 A. 2d 314; Lambert v. Durallium Prod. Corp., 364 Pa. 284, 72 A. 2d 66; Clyde Coal Company v. Pittsburgh & Lake Erie R.R. Co., 226 Pa. 391, 75 A. 596; Billmeyer Dill & Co. v. Wagner, 91 Pa. 92; Spiese v. Mutual Trust Co., 258 Pa. 422, 102 A. 121; Raby, Inc. v. Ward-Meehan Co., 261 Pa. 468, 104 A.

312

750; Restatement, Contracts, §§[329] 330, 331; 15 Am. Jur. §151, p. 561."

The preliminary objections should have been overruled with leave granted defendants to file an answer.

The order and judgment entered by the Court below in favor of defendants is reversed with a procedendo.