**MILLER LAUNDRY MACHINERY COMPANY**

v.

**FLETCHER WORKS.**

Civ. A. No. 26942.

United States District Court
E. D. Pennsylvania.
April 2, 1962.

Frank Rogers Donahue, Jr., Donahue, Battle & Donahue, Philadelphia, Pa., for plaintiff.

Morton Newman, Rappeport & Newman, Philadelphia, Pa., for defendant.

GRIM, Senior District Judge.

This is a diversity action by the purchaser against the supplier of laundry machinery claimed to be defective. Defendant has moved to dismiss on the ground that the $10,000 jurisdictional amount is lacking. Plaintiff has countered with a motion to amend the complaint by adding additional claims.

The bulk of plaintiff's claims in the original complaint, aggregating $30,000, is for the loss of future profits. Defendant contends that plaintiff is not entitled to damages for such items. Under the English rule of Hadley v. Baxendale, 3 Exch. 341, the Pennsylvania Supreme Court held in Spiese v. Mutual Trust Co., 258 Pa. 422, 102 A. 121 (1917) that

"* * * damages may be recovered for loss of such profits as are the direct and immediate fruits of the contract itself established with reasonable certainty and following as a natural result of the breach and such as the parties may have reasonably contemplated at the time the contract was made as a probable result of a subsequent breach, but damages for loss of uncertain, remote, or speculative profits cannot be recovered."

It appears from this that whether or not plaintiff is entitled to damages for loss of future profits depends upon the facts to be established at the trial, which facts must be established with reasonable certainty. Whether or not this can or will be done cannot be determined now. Accordingly, the motion to dismiss will be denied without prejudice to defendant's right to move to dismiss subsequently on the same ground.

Defendant contends that the claims asserted in the proposed amendment to the complaint are barred by the statute of limitations. This issue likewise depends upon the facts to be established, and consequently the amendment will be permitted. Whether or not the statute of limitations bars the additional claims can best be determined by the trial judge.

ORDER

AND NOW, April 2, 1962, defendant's motion to dismiss is denied and plaintiff's motion to amend the complaint is granted.