100

Blount *v.* Empire Mutual Insurance Company,
Appellant.

Argued November 12, 1963. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Charles W. Gross,* with him *Gross & Ryan,* for ap-
pellant.

*Paul N. Minkoff,* with him *Klovsky and Kuby,* for
appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 7,
1964:
Plaintiff was employed by defendant as its attor-
ney for a period of one year at a salary or retainer of

$8,500. After several months defendant discharged plaintiff without justifiable cause. Plaintiff thereafter sued defendant for the unpaid balance of his salary and for the sum of $1,000 for extra services which were not included in his aforesaid retainer fee. Plaintiff recovered a verdict of $7,438 which represented both items. Defendant's motion for a new trial based on alleged trial errors was dismissed. From a judgment entered on the verdict, defendant has taken this appeal.

In this appeal, defendant contends that plaintiff is entitled to recover for breach of his retainer fee contract only on a quantum meruit basis, but does not contend that the damages recoverable should be mitigated and reduced by the fees which were earned by plaintiff during the balance of that year. Probably the reason no such contention was made is because of the difficulty, indeed the practical impossibility, of proof on this point. Since plaintiff's contract permitted him to represent clients other than the defendant it would not have been possible to prove with the "reasonable certainty" which the law requires (*Adams v. Speckman*, 385 Pa. 308, 122 A. 2d 685) what fees were earned in diminution of plaintiff's claim for breach of contract. A vain thing was not within the contemplation of the parties.

We have considered but find no merit in any of defendant's contentions.

Judgment affirmed.