## The Clarke Mortgage Company v. First Federal Savings & Loan Association of Allentown

*Eugene Waye, William S. Hudders* and *Butz, Hudders & Tallman*, for plaintiff.

*William C. Wickkiser*, for defendant.

WIEAND, J., March 7, 1967.—This litigation comes before the court on a demurrer to plaintiff's complaint. In determining the sufficiency of the complaint, we accept as true all facts which are averred in the complaint, but not the pleader's conclusions or averments of law: Adams v. Speckman, 385 Pa. 308. The facts which are well pleaded reveal the following.

On or about February 11, 1965, defendant entered an agreement to sell a residence and lot or piece of ground located along Township Road no. 639 in Lowhill Township, Lehigh County. The agreement of sale was expressly made conditional upon the buyers' obtaining a Veterans' Administration insured, purchase money mortgage. On or about the same date, a representative of defendant made a request to plaintiff for the mortgage loan required by the agreement. Application for insurance on the loan was made by defend-

ant to the Veterans' Administration, which thereupon issued a "Certificate of Reasonable Value" containing various conditions for its insuring the loan. Included therein was a specific requirement that the lender (plaintiff) "order and obtain at seller's [defendant's] expense, certification from an accredited laboratory, that the raw water, a sample of which was taken by one of its qualified employees, shows no confirming evidence of bacteriological or chemical pollution of either domestic or industrial origin". Plaintiff also adopted this requirement as a condition for its granting the loan.

Defendant ordered tests of the well on its premises by Allen J. Levan, a well-digger, and samples of raw water were submitted for analysis to the Department of Health of the Commonwealth of Pennsylvania. An analysis was made, and a report thereof was submitted to and received by defendant. It revealed that water taken from the well on defendant's property was polluted. Another sample was then collected by Allen Levan and was again submitted to the Department of Health for testing. This time the water was found "potable". The report of the latter test revealed on its face that the water tested was a resample submitted by Levan and that same had been chlorinated before testing. Without notifying plaintiff of the unsatisfactory results of the first water analysis, defendant submitted to plaintiff the department's report on the retest, which, of course, indicated potable, chlorinated water. In reliance thereon, and in ignorance of the first test, plaintiff granted the mortgage loan and advanced the sum of $10,900 to the buyers of defendant's property. With the proceeds of the loan, the buyers completed final settlement for the property on July 6, 1965, giving as security for the loan a first mortgage on the premises acquired from defendant.

Following settlement, plaintiff submitted the loan

documents, including the results of the second water test, to the Veterans' Administration. When the latter questioned the sufficiency of the test and the report made with respect thereto, plaintiff obtained another test of the water, this time by Lehigh Valley Laboratory, Inc. This test revealed that raw water taken from the well on the subject premises did not conform to drinking water standards of the United States Public Health Service. Consequently, the Veterans' Administration refused to insure the loan.

Plaintiff has demanded that defendant surrender to it the sum of $10,900, and has tendered in exchange the mortgage which it holds on the property. Defendant has refused to accede to this demand.

In support of its cause of action, plaintiff offers several theories. We will examine them seriatim. Before doing so, however, consideration must be given generally to the relief which plaintiff seeks to obtain. The prayer of the complaint is for that which plaintiff's counsel refers to as a "rescission" of its mortgage transaction. The action, however, has not been brought against the other party to the loan, but against one who, although incidentally involved as the seller of the real estate mortgaged, is a stranger to the mortgage. It is true, as plaintiff argues, that after the loan was made to the mortgagor, the proceeds were paid by the mortgagor to defendant, but this was as consideration for a conveyance of real estate by defendant to its purchaser pursuant to an agreement of sale between them. Although plaintiff seeks to "rescind" the transaction with defendant, it is obvious that it cannot restore defendant to the status quo existing before the several transactions occurred and that, in actuality, it does not seek a rescission at all. Instead, plaintiff seeks to force defendant to purchase from it the mortgage investment which it owns and from which it seeks to escape. It is in this light that

we examine the theories advanced by plaintiff to sustain its alleged cause of action.

Plaintiff argues initially that defendant was its agent to obtain a certification that the water was unpolluted and breached its duty as agent in failing to disclose all relevant information. On this basis, it contends, it should be given the relief requested. The argument is untenable. In the first place, an agency relationship has not been pleaded. Agency is a relationship which results from a manifestation of consent by both parties. There must not only be a manifestation by the principal that the agent shall act for him, but there must also be an acceptance by the agent of the undertaking and the understanding of both parties that the agent will be subject to the control of the principal: Restatement, Agency §1 and Comments (a) and (b). Where one is acting in his own behalf and for his own purposes and is not in any way subject to the control of another, the former is not the agent of the latter. The averment in plaintiff's complaint is that defendant undertook to order tests of the water "for the purpose of causing plaintiff to grant the mortgage loan". Defendant was the seller of the real estate to be mortgaged. The agreement of sale was conditional upon the mortgage financing specified therein. The seller's representative approached plaintiff in an effort to obtain financing for the buyers of its property. When defendant seller undertook to obtain a certificate showing pure water, it was not acting for or in behalf of plaintiff and was not subject to its control. Defendant was acting in its own behalf and in its own interest and there are no averments in the complaint that defendant ever acted in any other capacity.

Without defining the nature of it or the means by which it arose, plaintiff also supposes that a confidential relationship may have existed between plaintiff

and defendant. No basis for such a relationship, however, can be found in the facts recited in its complaint. And even if an agency or other confidential relationship had been pleaded, the relief which plaintiff seeks is not appropriate. An award for damages sustained, if any, would be the only remedy available, for defendant was not a party to the mortgage transaction which plaintiff seeks to avoid.

It is next suggested by plaintiff that as a simple matter of contractual duty, defendant was required to furnish a certification that the water was pure and, by failing to do so, became liable in this action. This argument also belies the pleaded facts. There was no contract between plaintiff and defendant, and none has been pleaded. The issuance of the "Certificate of Reasonable Value" by the Veterans' Administration and the inclusion therein of conditions for the insuring of a mortgage loan did not create a contract between defendant seller and plaintiff lender. Plaintiff, to be sure, had the right to adopt the same conditions and make them prerequisites for its making a loan to the buyers of the property, but by so doing it did not, without more, effect a contractual relationship between it and the seller. Moreover, even if the conditions imposed by the Veterans' Administration be given the effect of a contract, the only duty imposed upon the seller thereby was that of paying for the water analysis. The certification was to be ordered and obtained by the lender, in this case plaintiff. And for any breach of this contract, an adequate remedy at law would exist in assumpsit where damages could be recovered.

It is next urged that there was a mutual mistake of fact with respect to the belief that the certification was sufficient to satisfy the requirements of the Veterans' Administration. Here again, the answer must be that plaintiff has not pleaded a mutual mistake of

fact, and this court cannot assume that which has not been pleaded and which does not arise by necessary implication from facts which have been pleaded. Plaintiff has pleaded nothing more than its lack of knowledge of the existence and result of a prior water analysis. Plaintiff has not alleged that it was mistaken about the requirements of the Veterans' Administration or that it was unaware of the nature of the certification delivered to it. Even the reason for questioning the sufficiency of the certification by the Veterans' Administration does not appear. Nor is it averred that defendant was acting under any mistake of fact at any time.

The cases which have allowed rescission and on which plaintiff relies are cases between the parties to a transaction in which the status quo could be restored. In this case, plaintiff seeks a "rescission" of a mortgage loan from one who was not a party to the transaction and who cannot be restored to the status quo. This will not be permitted. See 8 P. L. Encyc., Contracts §256.

In the last analysis, plaintiff's rights must depend upon a determination of whether or not defendant's nondisclosure was fraudulent. It is correct, as defendant suggests, that a person is not generally bound to tell everything he knows to one who is about to enter a bargain, even though the former is aware that the latter is ignorant of the facts. Nondisclosure may become fraudulent, however, where one knows that another is acting under a mistake as to material facts: Restatement, Contracts §472(b) and Comment (b). Where circumstances create a duty to disclose such fact, the deliberate nondisclosure of a material fact may amount to culpable misrepresentation no less than an intentional affirmation of a material falsity: Neuman v. Corn Exchange National Bank and Trust Company, 356 Pa. 442, 451. See also: Restatement,

Torts §551. Although the report submitted to plaintiff by defendant reflected the truth, it did not reflect the whole truth and, in fact, may have been misleading. Its true significance could neither be appreciated nor understood except with knowledge that an earlier test had revealed the raw water to be polluted. This was known to defendant, but not disclosed to plaintiff. Only the report of the second test was disclosed. Relying thereon, as defendant knew it would, plaintiff granted a loan to the purchasers of defendant's land.

In view of these pleaded facts, this court is unable to determine judicially at this stage of the proceedings, as defendant would have us do, that defendant's conduct was without reproach and that plaintiff can have no cause of action. Even so, it is clear that plaintiff's remedy is not in this action. The only relief requested in this action is that defendant be forced to purchase plaintiff's mortgage investment for the full amount loaned. This relief we cannot grant. If plaintiff has been damaged by the fraudulent nondisclosure or misrepresentation of a material fact by defendant, it has an adequate remedy in an action of trespass for fraud and deceit. A loss as the proximate result of the fraud and deceit complained of, however, is an essential ingredient of a cause of action. Without damage, the deceit alleged is of no legal consequence: Peters v. Stroudsburg Trust Company, 348 Pa. 451; Neuman v. Corn Exchange National Bank and Trust Company, supra, at 455. Plaintiff has alleged generally that it has been damaged, but it has not pleaded specific damages or facts from which the amount of its loss, if any, can be ascertained. The measure of damages is the loss which the fraud inflicts, the money parted with for which an equivalent in value has not been received: High v. Berret, 148 Pa. 261; Peters v. Stroudsburg Trust Company, supra; Neuman v. Corn Exchange National Bank and Trust Company, supra.

The failure to plead damages or a cause of action warranting equitable relief, therefore, makes it necessary that defendant's demurrer be sustained. To afford plaintiff an opportunity to file an action in trespass, however, we will cause this action to be certified to the law side of the court, where plaintiff may, if the facts warrant it and plaintiff chooses to do so, file an amended complaint which is consistent with this opinion.

### ORDER

And now, March 7, 1967, it is ordered that defendant's demurrer be and it is hereby sustained. It is further ordered, however, that the prothonotary shall certify the proceedings to the law side of the court, where plaintiff, within 20 days after service of a copy of this order upon its counsel, may file an amended complaint in accordance with the foregoing opinion. If an amended complaint shall not be filed as aforesaid, judgment may be entered in favor of defendant.