## Potato City, Inc. v. Bartlett

*Harold B. Fink*, for plaintiff.

*John R. Rezzola* and *Edward C. First*, for defendants.

HERMAN, J., January 8, 1968.—To plaintiff's complaint in equity seeking "a mandatory injunction to compel Defendants, jointly and/or severally, to immediately do whatever is necessary to maintain traffic along Route 6 from Denton Hill to Walton or the east

extremity of the construction along said highway" in Potter County, Pa., the construction companies-defendants filed preliminary objections in the nature of a demurrer and shortly thereafter Robert G. Bartlett, Secretary of Highways of the Commonwealth of Pennsylvania, filed similar preliminary objections, also in the nature of a demurrer.

Because of the alleged urgency of the matter, argument was specially fixed for December 26, 1967, when full argument was had.

The preliminary objections must be overruled.

A demurrer by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible therefrom: Goodrich-Amram §1017 (b)-11; Eden Roc Country Club v. Mullhauser, 416 Pa. 61 (1964); Bogash v. Elkins, 405 Pa. 437 (1962); Wilkes-Barre Township School District v. Corgan, 403 Pa. 383 (1961); Adams v. Speckman, 385 Pa. 308 (1956).

"Moreover, when the sustaining of defendants' preliminary objections will result in a denial of plaintiffs' claim, or a dismissal of plaintiffs' suit, preliminary objections should be sustained only in cases which are clear and free from doubt": Adams v. Speckman, supra, at 309.

If a doubt exists as to whether or not judgment should be entered against a plaintiff on demurrer, this doubt should be resolved in favor of refusing to enter it: Davis v. Investment Land Company, 296 Pa. 449 (1929); Fahrney v. Food Fair Stores, Inc., 81 Dauph. 1 (1963).

"Doubtful cases should go to trial, and not be disposed of on procedural grounds. This is particularly true if there are intricate factual relations and it is necessary to take evidence to substantiate or disprove the allegations": Goodrich-Amram §1028(c)-3.

The Pennsylvania Rules of Civil Procedure provide, inter alia, that in the pleadings "The material

facts on which a cause of action . . . is based shall be stated in a concise and summary form": Pa. R.C.P. 1019(a). "The function of the pleadings is to put the opponent on notice of what he will be called upon to meet at the trial, and to define the issues which will be tried": Goodrich-Amram §1019-1.

It is often difficult to distinguish between a fact, an inference and a conclusion of law, and many times the pleader is confronted with a mixed question of law and fact. The court should and does have wide discretion in interpreting the averments of a pleading and in determining whether what would normally be a "conclusion of law" may not be considered a material fact in a particular pleading: Goodrich-Amram §1019 (a)-1.

With these principles in mind, let us look at the complaint and defendants' objections thereto.

It is alleged that plaintiff, a business corporation, is the owner of a hotel situate on 300 acres of land adjacent to Route 6, in Potter County, Pa., immediately west of construction between Denton Hill and Walton in said county; that the construction contract between the Secretary of Highways and the construction contractors contained a stipulation that the defendants-contractors were to maintain traffic along the said portion of Route 6 after December 1, 1967; and, further, that the detour signs which routed traffic around that portion of said highway under construction were to be removed by December 1, 1967. It is further alleged, and this is the gravamen of plaintiff's complaint, that the provision in the contract to maintain the traffic along the said route *"was a direct benefit to the Plaintiff, and . . . was set forth in the contract for the explicit purpose of benefitting the Plaintiff* and other land owners and businesses situate along Route 6". (Italics supplied.)

It is then averred that defendants have breached and continue to breach this provision of the contract and by virtue of such breach plaintiff suffers immediate and irreparable harm, the monetary worth of which cannot be calculated and, therefore, plaintiff has no adequate remedy at law.

The preliminary objections of the Commonwealth point to the provisions of the State Highway Law which vest the work of the construction of State highways in the Secretary of Highways, and which give the Secretary power to open and close State highways. It is then further argued by the Commonwealth that because the construction of a State highway is for the benefit of the public at large, an individual has no standing to compel specific performance of a construction contract to which he is not a party.

The preliminary objections of the construction companies-defendants add only that plaintiff here has no standing because it is "an *incidental* beneficiary" of the contract; and further, that pursuant to authority set forth in the specifications which purportedly form a part of the contract,* the Chief Engineer and Deputy Secretary of Highways has ordered the defendants-contractors to cease operations and to maintain the detour. (Italics supplied.)

The facts pleaded, which we must accept as true for the purposes of this opinion and which we find to be well pleaded under the Pennsylvania Rules of Civil Procedure hereinbefore referred to, we believe establish plaintiff as a *donee* beneficiary rather than an incidental beneficiary, and we cannot now consider as fac-

---

* Neither the construction contract nor the specifications are before us at this point in the case. And the letter from the Deputy Secretary of Highways to the construction companies, a copy of which is attached to the construction companies-defendants' preliminary objections, is not properly before us and will not at this juncture be considered.

tual matters the construction contracts in their entirety, nor the specifications, nor the letter from the deputy secretary. Neither does the State Highway Law at this point in the case convince us that plaintiff should be deprived of his day in court.

A third-party donee beneficiary has an unqualified right of action to enforce the promisor's duty to perform his promise (8 P. L. Encyc., Contracts, §164 (1958); Logan v. Glass, 136 Pa. Superior Ct. 221 (1939), affirmed, 338 Pa. 489 (1940)), and we are not convinced by the authorities cited to us by defendants that public contracts are any different if, as plaintiff avers, the promise was specifically for the benefit of plaintiff and others in his same situation. See Keefer v. Lombardi, 376 Pa. 367 (1954).

## ORDER

And now, January 8, 1968, the preliminary objections of all defendants are overruled and the said defendants are granted leave to plead over within 20 days.