## Conley v. Joyce

*Alexander A. DiSanti*, for plaintiffs.
*Edward J. Zetusky, Jr.*, for defendants.

BLOOM, J., October 31, 1973.—The matter presently before this court arises from a complaint in mandamus filed by plaintiffs who are regular full-time police officers employed by the City of Chester. The action was brought against the City Controller, City Treasurer and the Deputy Director of Accounts and Finance for the City of Chester. A stipulation was entered by respective counsel whereby the Mayor of Chester and members of the Chester City Council were added as party-defendants. Therefore, the preliminary objections filed by defendants going to the nonjoinder of necessary parties have been withdrawn.

The complaint alleges that on November 29, 1972, a board of arbitration, appointed pursuant to Act 111 of June 24, 1968, P. L. 237, 43 PS §217.1, et seq., entered a formal award affecting the compensation and working conditions of police officers employed by the City of Chester effective for the calendar year 1973. Paragraph 3 of said award provides:

"Each member of the department shall receive time and a half for all time in excess of 320 hours worked during an eight week period. The Board suggests that in order to make this workable, that the Department continue the four platoon system but do so on a six day on and two day off basis with regularly scheduled days off for each officer during said eight week period resulting in a normal schedule of 320 work hours in each eight week period. Payment shall be made for overtime in the paycheck for the ninth week to the extent that no compensatory time has been given for time worked in excess of 320 hours for said eight week period. Compensating time may however be given either during the eight week period or during the ninth week. Overtime for duty as a witness in a criminal court shall be paid for only as straight time and civil court time shall not constitute overtime."

The complaint further alleges that plaintiffs have worked at such times and periods as to entitle them to overtime compensation in accordance with paragraph 3 of said award as set forth above. Plaintiffs allege that demand has been made by them upon defendants to issue checks in payment of said overtime but that defendants have failed and refused to perform the duties imposed upon them in connection with payment of overtime compensation.

The complaint concludes with plaintiffs' prayer to this court to enter an order commanding defendants to take appropriate action to effect payment to plaintiffs of the overtime compensation due them.

Defendants have filed preliminary objections to the complaint in the nature of a demurrer, alleging that the complaint does not set forth a cause of action against defendants and further alleging that defendants cannot legally pay overtime compensation to plaintiffs in accordance with the allegations set forth in the complaint.

In support of their demurrer, defendants cite article XX, sec. 2004, of the Third Class City Code of June 23, 1931, P. L. 932, as amended, 53 PS §37004:

"No city shall employ or require any police officer to remain on duty for more than eight hours in any twenty-four consecutive hours, nor more than forty-four hours in any one week, *unless in emergency cases* for the suppression of riots or tumults or the preservation of the public peace: Provided, That for the duration of any war in which the United States is engaged, and six months thereafter, the hours of service may exceed the number hereinbefore provided as the maximum number of hours of service, and in such cases, council shall provide for the payment of extra compensation for any hours of service in excess of such maximum hours of service, *at the same rate as paid*

*for regular service.* Nothing contained herein shall prevent any such city from requiring any such police officer to remain on duty or to work sixteen hours in any twenty-four consecutive hours, not more than one day each week, if required by a change in working hours or a change in shifts. Cities shall permit every member of the police department to have at least twenty-four consecutive hours of rest in every calendar week, except in *emergency cases* for the suppression of riots or tumults or the preservation of the public peace, in times of war, riot, conflagration, or public celebrations, and to have an annual vacation of not less than fourteen days without diminution of the salary or compensation fixed by ordinance. *When the mayor declares an emergency and requires police officers to remain on duty overtime such officers shall be compensated on the basis of their annual salary."* (Italics supplied.)

Defendants urge this court to interpret the above section of the Third Class City Code to mean (1) that a regular full-time officer can receive additional compensation for overtime work only when the Mayor of Chester declares an emergency, and (2) when the Mayor of Chester declares an emergency, regular full-time officers who work overtime as a result of said emergency can be compensated only on the basis of their annual salary.

Plaintiffs' complaint does not set forth that the overtime compensation claimed arises from emergency duty, in which case overtime compensation might be based on the officers' annual salary as per the Third Class City Code set forth above. The complaint does not set forth that the claim for overtime compensation is sought for hours in excess of 44 hours a week which seems to be prohibited by the Third Class City Code. It is very possible that plaintiffs' claim might be for

330

no more than four hours per week, in which case it would appear that plaintiffs have a valid cause of action against defendants.

Preliminary objections which will result in a dismissal of plaintiffs' claim should be sustained only in cases which are clear, free from doubt and which involve no issue with respect to material facts: Adams v. Speckman, 385 Pa. 308, 122 A. 2d 685 (1956). The case before us is not free from doubt. Therefore, we enter the following

## ORDER

And now, to wit, October 31, 1973, after consideration of arguments and briefs submitted by respective counsel before this court en banc, it is ordered and decreed that defendants' preliminary objections in the nature of a demurrer be and the same is hereby dismissed.