**Southwest Alloy Supply Company v.
Pennsylvania Power & Light Company**

*Thomas Traud, Jr.,* for plaintiff.
*Harry Creveling,* for defendant.

FRANCIOSA, J., April 24, 1974.—The case before us involves preliminary objections to a complaint based on the ground that it fails to set forth a legal cause of action in either assumpsit or trespass.

For a proper understanding of this case, it is necessary to note that plaintiff initially instituted a mechanic's lien claim. In an opinion by Franciosa, J.,[1] defendant's property was declared immune from a mechanic's lien. Now, under the instant complaint in trespass and assumpsit, plaintiff seeks a recovery for the same claim that was the subject matter of the voided mechanic's lien.

We approach this case in the light of the well-settled principles set forth in Gardner v. Allegheny County, 382 Pa. 88, 94, 114 A.2d 491, 499 (1955): . . . preliminary objections admit as true all facts which are averred in the bill of complaint but not the pleaders' conclusions or averments of law': Narehood v. Pearson, 374 Pa. 299, 302, 96 A.2d 895 (1953). Moreover, when the sustaining of defendants' preliminary objections will result in a denial of . . . plaintiffs' suit, preliminary objections should be sustained only in cases which are clear and free from doubt. London v.

---

[1] See Southwest Alloy Supply Company v. P. P. & L. Company, Court of Common Pleas of Northampton County, Civil Division, filed to January term, 1973, no. 85136 (Mechanic's Lien).

Kingsley, 368 Pa. 109, 81 A.2d 870; Waldman v. Shoe-maker, 367 Pa. 587, 80 A.2d 776. Also, see Adams v. Speckman, 385 Pa. 308, 122 A.2d 685 (1956).

Nonetheless, we find that defendant's preliminary objections must be sustained. The gist of the trespass count of the complaint is that defendant was under a statutory duty to comply with the Public Works Contractors' Bond Law of 1967. See the Act of December 20, 1967, P. L. 869, sec. 1, et seq., 8 PS §191, et seq. And plaintiff alleges that defendant's failure to comply with that statute was a negligent omission. By advancing this theory, plaintiff claims that it is entitled to recover damages in the amount of $27,856.57, which represents the value of merchandise it supplied to a subcontractor. Since that particular subcontractor has made a general assignment for the benefit of creditors in a New Jersey proceeding, plaintiff contends that defendant's breach of its duty to provide a payment bond is the proximate cause of its damages. Obviously, this cause of action cannot stand unless we find that the Bond Law of 1967, supra, imposed a duty upon P. P. & L. to furnish a payment bond for the protection of claimants supplying labor or materials to the prime contractor or to any of his subcontractors.

Section 2 of the act[2] specifically defines "contracting body" to include:

"any officer, employe, authority, board, bureau, commission, department, agency or institution of the Commonwealth of Pennsylvania or any State-aided institution, or any county, city, district, municipal corporation, municipality, municipal authority, political subdivision, school district, educational institution, borough, incorporated town, township,

---

[2] 8 PS §192.

poor district, county institution district, other incorporated district or other public instrumentality, which has authority to contract for the construction, reconstruction, alteration or repair of any public building or other public work or public improvement, including highway work."

In addition, section 3 of the act[3] provides:

"(a) Before any contract exceeding five thousand dollars ($5,000) for the construction, reconstruction, alteration or repair of any public building or other public work or public improvement, including highway work, of any contracting body is awarded to any prime contractor, such contractor shall furnish to the contracting body the following bonds, which shall become binding upon the awarding of said contract to such contractor:

"(1) A performance bond at one hundred percent of the contract amount, conditioned upon the faithful performance of the contract in accordance with the plans, specifications and conditions of the contract. Such bond shall be solely for the protection of the contracting body which awarded the contract.

"(2) A payment bond at one hundred percent of the contract amount. Such bond shall be solely for the protection of claimants supplying labor or materials to the prime contractor to whom the contract was awarded, or to any of his subcontractors, in the prosecution of the work provided for in such contract, and shall be conditioned for the prompt payment of all such material furnished or labor supplied or performed in the prosecution of the work. 'Labor or materials' shall include public utility services and reasonable rentals of equipment, but only for periods when the equipment rented is actually used on the site.

---

[3]  8 PS §193.

"(b) Each of such bonds shall be executed by one or more surety companies legally authorized to do business in the Commonwealth of Pennsylvania. If the contracting body is the Commonwealth of Pennsylvania or any officer, employe, board, bureau, commission, department, agency, or institution thereof, such bond shall be payable to the Commonwealth of Pennsylvania. If the contracting body is other than one of those enumerated in this subsection, such bond shall be payable to such other contracting body."

Plaintiff's contention that a public utility is a "public instrumentality" as that term is used in the Bond Law of 1967 has not been the subject of any reported judicial decision. Nor are we persuaded by its alternative argument that we should be the first to so construe the statute.

In our opinion, one common thread connects the individuals, agencies, institutions or instrumentalities referred to in section 2 of the act; namely, that they undertake construction projects which involve the direct or indirect expenditure of public funds. Here, we have a private corporation which is free to manage its own affairs so long as it does not act contrary to any law or regulation administered by the Pennsylvania Public Utility Commission. See Solar Electric Co. v. Pennsylvania Public Utility Commission, 137 Pa. Superior Ct. 325, 9 A.2d 447 (1939). Its property is owned by the private citizens who constitute its body of shareholders. It receives no public funds, directly or indirectly, for the construction, reconstruction, alteration or repair of its buildings, works or improvements. It has no power to tax. Thus, the funding of its projects depends on its own revenues or financing techniques resorted to by other private corporations. We conclude, therefore, that the Bond Law of 1967 is not applicable to a private corporation licensed

8

as a public utility. It follows from our conclusion that no cause of action grounded on its provisions can be asserted against P. P. & L.

Plaintiff's complaint contains a second count in assumpsit which raises a claim of unjust enrichment. However, in responding to the preliminary objections, plaintiff's counsel neither argued nor briefed a position in opposition to the demurrer insofar as it challenged the assumpsit count. Although this could be construed as a concession, we do not decide the issue on that basis. Instead, we hold that a quantum merit theory is not available to plaintiff.

For the reasons set forth in the foregoing discussion, we enter the following

### ORDER OF COURT

And now, April 24, 1974, defendant's preliminary objections in the nature of demurrers to count I and count II of plaintiff's complaint are sustained. Accordingly, the complaint is dismissed and costs are placed on plaintiff.